In the Matter of the Estate of ELLEN BALLENTINE ROBERTS, Deceased.

Surrogate's Court, New York County, May 11, 1926.

**Taxation — transfer tax — decedent, pending action for divorce against husband, executed trust agreement with him by which, as amended after decree, she was to receive rents and profits of certain premises in lieu of payment of alimony — pursuant to said agreement, beneficial interest in said premises to extent of $500,000 became vested in decedent's husband upon her death — contract was conveyance to secure payment of alimony during decedent's lifetime — transfer of interest to husband was for valuable consideration and is not taxable within meaning of Tax Law, § 220.**

The transfer by decedent to her husband of a beneficial interest in certain premises to the extent of $500,000, is not taxable within the meaning of section 220 of the Tax Law, where said decedent, pending an action for divorce against her husband, executed a trust agreement with him by which she was to receive rents and profits of certain premises in lieu of payment of alimony, and pursuant to the provisions of said agreement, as amended after the decree of divorce was granted, said beneficial interest in the premises to the extent of $500,000 became vested in decedent's husband upon her death, for the transfer from decedent to her husband was for a valuable and adequate consideration and was neither donative nor conferred a bounty. The contract between decedent and her husband was not executory with the performance postponed until the death of one of them, but became operative at the time of its execution and merely amounted to a conveyance to secure to decedent the payment of alimony during her life.

APPEAL from order fixing transfer tax.

*De Forest Brothers* [*Robert Thorne* of counsel], for the executors.

*Charles A. Curtin* for the State Tax Commission.

FOLEY, S. The executors appeal from the order fixing the transfer tax on the ground that a tax has been imposed on the sum of $500,000 as a taxable transfer to one Lyman B. Kendall.

The obligation of the estate of decedent to pay the sum of $500,000 to Mr. Kendall arose out of a trust agreement made on the 17th day of April, 1919, subsequently modified by an instrument dated October 17, 1921. The decedent, who was at the time the wife of Lyman B. Kendall, commenced an action against him for absolute divorce on November 27, 1918. While the action was pending the agreement of April 17, 1919 was entered into. The purposes of the agreement were (1) " to adjust the outstanding financial obligations " of the parties, and (2) to make provision for temporary alimony to the decedent and in the event of the termination of the action in her favor, permanent alimony. The amount of alimony agreed upon was $42,000 per annum. In consideration of this payment and other valuable considerations the decedent agreed to execute a trust deed in her own name as trustee, which would provide that Lyman B. Kendall should receive the net income from the apartment building known as No. 520 Park avenue, and pay the same to the decedent, but that in no case should the sum so paid be less than $42,000 per annum. It was further provided that on the death of one of the parties title to the premises should vest in the other and, if decedent should predecease Lyman B. Kendall, he should pay to decedent's estate the sum of $150,000.

The decree of absolute divorce was granted in favor of the decedent. In conformity with the agreement of April 17, 1919, a declaration and deed of trust was executed on the 22d of April, 1919. By the instrument dated October 17, 1921, the original agreement was modified so as to provide that in lieu of the payment of the alimony, the decedent should receive the rents and profits of the premises known as No. 520 Park avenue, and pay all the expenses incident to the ownership and management of the same; that on the death of decedent before Lyman B. Kendall the trust should terminate and that a beneficial interest in the premises No. 520 Park avenue, to the extent of $500,000, would then vest in the said Lyman B. Kendall.

The appeal is sustained. The transfer was for a valuable and adequate consideration. It is immaterial that the title to the real estate was in the name of the decedent. It is undisputed that the entire consideration for the original acquisition of the property was

advanced by Lyman B. Kendall, who was the owner of all the shares of stock of the corporation which conveyed the premises to the decedent. The trust agreement was a recognition of his real ownership. The contract between the parties was not executory with the performance postponed until the death of one of them, but became operative and was acted upon at the time of its execution. It was not donative and did not confer a bounty. Stripped of its legal formalities the transaction merely amounted to a conveyance to secure the payment of alimony during the wife's life. By her death it was freed from the conditions attached to it and no taxable transfer took effect. Referring to the provisions of section 220 of the Tax Law providing for the taxation of transfers made to take effect in possession and enjoyment at death, Judge COLLIN, writing the opinion in *Matter of Orvis* (223 N. Y. 1), said (at p. 7): " The statute was not intended to restrict or burden the right of persons to transfer property in all legitimate ways and for all the usual and manifold purposes and objects of trade, commerce and purchase, or of voluntary transfers or gifts not made in contemplation of the death of the transferor or intended to take effect in possession or enjoyment after such death. It was intended to tax all transfers * * * which are in their nature and character instruments or sources of bounty or benefaction and which can be classed as similar in nature and effect with transfers by wills or the intestate laws, because they accomplish a transfer of property, donative in effect, under circumstances which impress on it the characteristics of a disposition made at the time of the transferor's death." Submit order on notice modifying taxing order in accordance with this decision.